IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL LEE HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:09-CV-318-CWD |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JOHANNA SMITH, Warden, I.S.C.I., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Michael Lee Hernandez (Petitioner) initially filed a Petition for Writ of Habeas Corpus (Docket No. 3) and a Motion for Emergency Hearing (Docket No. 5). After the Court's Initial Review Order was issued (Docket No. 11), Respondent filed a Motion for Summary Dismissal (Docket No. 17) and a Response to the Motion for Emergency Hearing (Docket No. 16). Petitioner filed a Response to the Motion for Summary Dismissal (Docket No. 23). The motions are ripe for adjudication.

Both parties have consented to the jurisdiction of a United States Magistrate Judge to determine the matter. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having completed a careful review of the above-entitled action, including the record herein and the record of the state proceedings, and having considered the arguments of the parties, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# MOTION FOR SUMMARY DISMISSAL

Petitioner alleges that he is being held under a void order of commitment in his state criminal case, and, particularly, that the state judge had no judicial authority to enter an order or judgment. Respondent contends that Petitioner's claims are subject to dismissal for failure to meet the one-year statute of limitations and failure to properly exhaust his claims in state court before proceeding to federal court with his Habeas Corpus Petition. The Court will consider each of these arguments.

## A. Summary Dismissal Standard

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." When considering dismissal, the Court construes the facts in a light most favorable to the petitioner. In the context of a motion to dismiss, the Court may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court will take judicial notice of those portions of the state court record lodged by the parties.

---

[1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

B.      Factual Background

Petitioner pled guilty to and was convicted of driving under the influence (a felony) and resisting an officer (a misdemeanor) in the Fourth Judicial District Court in Ada County, Idaho. (State's Lodgings A-1 through A-4.) Judgment was entered on February 12, 2003, wherein Petitioner was sentenced to five years imprisonment on the felony conviction and ten days (with credit for ten days served) on the misdemeanor conviction. (State's Lodging A-5.)

On November 24, 2004, Petitioner was placed on parole. (State's Lodging A-6.) Petitioner later was accused of violating his parole conditions. On December 6, 2007, a parole violation hearing was held, in which Petitioner admitted to various violations. On June 20, 2008, the Idaho Commission of Pardons and Parole revoked Petitioner's parole, required him to forfeit the time spent on parole, and passed him to his full term release date. (State's Lodging B-1.) Petitioner later filed a self-initiated progress report, which the Idaho Commission of Pardons and Parole denied on April 17, 2009. (State's Lodging B-2.)

Petitioner did not appeal his conviction, sentence, or revocation of parole to the Idaho Supreme Court. Petitioner's federal Petition was filed on June 26, 2009.

C. **Discussion**

   1. Statute of Limitations

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition. For claims arising from a state court judgment, the one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitations period.

The limitations period also may be equitably tolled under exceptional circumstances. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable

**MEMORANDUM DECISION AND ORDER - 4**

tolling, a circumstance must have caused Petitioner to be unable to file his federal Petition in time.

Here, both the original judgment of conviction and sentence were entered on February 12, 2003. (State's Lodging A-5.) Under Idaho law, the judgment became final on March 26, 2003, forty-two days after the judgment was entered. I.A.R. 14(a). The federal statute of limitations began running at that time and expired one year later, on March 26, 2004. Petitioner did not file any state court action that would have tolled the statute. Neither does the record reflect any factual grounds for application of equitable tolling. As a result, all claims arising from the original judgment of conviction and sentence are barred by the statute of limitations.[2]

### 2. Exhaustion and Procedural Default

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

---

[2] For claims arising from nonjudicial parole decisions, the statute of limitations runs from "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D), rather than from "the date on which the judgment became final" under § 2244(d)(1)(A), because an administrative decision is not a judgment. *Redd v. McGrath* 343 F.3d 1077 (9th Cir. 2003). Here, the Petition form filled out by Petitioner states: "This Petition concerns: (a) a conviction [and] (b) a sentence," and the portion of the form regarding "(e) parole" is left blank. (Docket No. 3, p. 1.) Therefore, the Court does not construe the Petition to include a challenge to the revocation of parole or the denial of the self-initiated progress report. In any event, such claims are either unexhausted or procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 5**

Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner ordinarily must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**MEMORANDUM DECISION AND ORDER - 6**

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Where the defendant pled guilty and did not have the evidence in his case evaluated by a jury, the petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Here, Petitioner has not presented any of his claims before the Idaho Supreme Court. The record does not reflect any reason why Petitioner could not have done so. Petitioner's Response to the Motion to Dismiss does not show that any factual grounds exist for application of the cause and prejudice or miscarriage of justice provisions. Rather, it addresses the merits of the claims, as well as the federal sentencing and probation statutes and guidelines (which have no application to a judgment rendered by a state court and state administrative board). For all of the foregoing reasons, Petitioner's

**MEMORANDUM DECISION AND ORDER - 7**

claims are subject to dismissal with prejudice on the basis of procedural default because it is too late to now bring them in state court.

## MOTION FOR EMERGENCY HEARING

Petitioner requests that the Court hold an emergency hearing on his Petition for the reason that "[n]o valid judgment is able to be produced by Respondent." The Court required Respondent to produce a judgment and respond to the request for an emergency hearing. Respondent has produced a valid judgment. (State's Lodging A-5.) Because Petitioner cannot proceed on the merits of his claims, the Court cannot entertain a request for emergency relief, and, in any event, no grounds for emergency relief exist.

## CONSIDERATION OF ISSUANCE OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court of the United States has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

**MEMORANDUM DECISION AND ORDER - 8**

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for

COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 17) is GRANTED. Petitioner's claims are DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Emergency Hearing (Docket No. 5) is DENIED.

IT IS FURTHER HEREBY ORDERED that the Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.



DATED: March 12, 2010

Honorable Candy W. Dale
United States Magistrate Judge